IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02211-BNB

FREDRIC LYLE PETERSON,

    Plaintiff,

v.

MICHAEL O'CONNER, Supervisor, Englewood Colo. Police Dept.,
BAILEY, Deputy District Attorney,
CESAR MADRIGAL, South Metro Drug Task Force,
RYAN KASPAR, Officer, Englewood Police Dept.,
GEORGE CLANCY,
CAROL CHAMBERS, District Attorney,
ARAPAHOE COUNTY, Colorado,
SOUTH METRO DRUG TASK FORCE,
ENGLEWOOD POLICE DEPARTMENT, and
CITY OF ENGLEWOOD, COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 26 2008

GREGORY C. LANGHAM
    CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Fredric Lyle Peterson currently is detained at the Denver County Jail in Denver Colorado. Mr. Peterson has submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his Fourth Amendment and due process rights were violated when he was subjected to a malicious prosecution and to an illegal search and seizure and his property was destroyed. Plaintiff further asserts that the felony charges brought against him were dismissed, and he seeks money damages for the illegal arrest and prosecution and the destroying of his property.

The Court must construe the Complaint liberally because Mr. Peterson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

The case and the claims alleged against Defendants Michael O'Conner, Cesar Madrigal, Ryan Kaspar, and George Clancy will be drawn to a district judge and to a magistrate judge. Defendants Bailey, Carol Chambers, Arapahoe County, South Metro Drug Task Force, Englewood Police Department, and City of Englewood, however, will be dismissed from the action for the following reasons.

Mr. Peterson asserts that Defendants Bailey and Carol Chambers filed the formal complaint of felony charges against him, which subsequently was dismissed. Prosecutors enjoy immunity from suit under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). In their positions as city and district attorneys their acts are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), **cert. denied sub nom.** *Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendants Bailey and

Chambers are inappropriate parties to this action based on their immunity from suit and will be dismissed.

The Englewood Police Department is not a separate entity from the City of Englewood and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against Defendant Englewood Police Department must be considered as asserted against the City of Englewood.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Peterson cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Therefore, both Defendants City of Englewood and Arapahoe County are not proper parties to this action.

Finally, Defendant South Metro Drug Task Force is not a person for the purpose of a 42 U.S.C. § 1983 action. Plaintiff must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the

plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Defendant South Metro Drug Task Force is an improper party to this action. Accordingly, it is

ORDERED that Defendants Bailey, Carol Chambers, Arapahoe County, South Metro Drug Task Force, Englewood Police Department, and City of Englewood are dismissed as parties to this action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Bailey, Carol Chambers, Arapahoe County, South Metro Drug Task Force, Englewood Police Department, and City of Englewood from the docket as parties to the action. It is

FURTHER ORDERED that the case and the claims alleged against remaining Defendants Michael O'Conner, Cesar Madrigal, Ryan Kaspar, and George Clancy shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 26 day of Nov. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02211-BNB

Fredric Lyle Peterson
Prisoner No. 1592452
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/26/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk