IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02211-PAB-MEH

FREDRIC LYLE PETERSON,

      Plaintiff,

v.

MICHAEL O'CONNER, Supervisor, Englewood Colorado Police Department.
CESAR MADRIGAL, South Metro Drug Task Force,
RYAN KASPAR, Officer Englewood Police Department, and
GEORGE CLANCY,

      Defendants.

---

## RECOMMENDATION FOR DISMISSAL FOR
## FAILURE TO PROSECUTE

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to respond to the

Court's Orders to Show Cause and Plaintiff's failure to respond to Defendants' Motion for Summary

Judgment. For the reasons stated below, the Court recommends this case be **dismissed without**

**prejudice**, and Defendants' pending Motion for Summary Judgment [filed July 10, 2009; docket

#45] be **denied as moot**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any
written objections in order to obtain reconsideration by the District Judge to whom this case is
assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings
or recommendations to which the objections are being made. The District Court need not consider
frivolous, conclusive or general objections. A party's failure to file such written objections to
proposed findings and recommendations contained in this report may bar the party from a de novo
determination by the District Judge of the proposed findings and recommendations. *United States
v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file
written objections to the proposed findings and recommendations within ten (10) days after being
served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate

## I.    Background

At the time Plaintiff initiated this case pursuant to Section 1983 of 42 U.S.C., he was in the custody of the Denver County Jail in Denver, Colorado.  (Docket #3 at 2.)  The Court approved his request to proceed *in forma pauperis* and ordered service on the four defendants named in Plaintiff's Complaint, which is the governing pleading in this action.  (*See* dockets #3, 9.)  The Court held telephonic conferences with the parties on February 10 and March 9, 2009, which set the dates and deadlines for this matter, including a dispositive motion deadline on July 10, 2009.  (Docket #29 at 1; *see also* docket #37.)  On February 27, 2009, Plaintiff submitted a Change of Address notice to the Court indicating that he is no longer incarcerated and now resides in Englewood, Colorado. (Docket #33.)  Subsequently, in response to the Court's Order to resubmit an amended motion and affidavit for leave to proceed *in forma pauperis* or to pay the filing fee, Plaintiff paid the remaining fee in full on March 30, 2009.  (Dockets #35, 38.)

Defendants O'Conner, Kaspar, and Clancy filed a Combined Motion for Summary Judgment presently pending before the Court on July 10, 2009.  (Docket #45.)  The Court set a briefing schedule on July 13, 2009, instructing Plaintiff to file a response on or before July 30, 2009, and allowing a reply within fifteen days after Plaintiff's response.  (Docket #47.)  The Court issued an Order to Show Cause regarding lack of proper service on Defendant Madrigal (the remaining defendant) on July 20, 2009, which directed Plaintiff to respond on or before August 7, 2009. (Docket #48.)  After Plaintiff did not respond to either the pending Motion for Summary Judgment or the Court's first Order to Show Cause, the Court issued a second Order to Show Cause for failure to prosecute on August 17, 2009, which directed Plaintiff to respond on or before September 4,

---

Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

2009.  (Docket #49.)  To date, Plaintiff has not responded to the Motion for Summary Judgment nor the two Orders to Show Cause.

**II.      Discussion**

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence.  The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  Plaintiff was ordered to respond to two Orders to Show Cause and to Defendants' Motion for Summary Judgment, but failed to do so within the required time frame.  Additionally, Plaintiff has made no request for an extension of time in which to file a response.

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).  Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order.  *See id.  See also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  *See also Hawkinson v. Montoya*, 283 F. App'x 659, at *2 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).  When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiff's failure to respond to Defendants' Motion for Summary Judgment adversely affects Defendants' proceeding in this matter by impeding the Court's ability to review both parties' pleadings for consideration in reaching a fair and just conclusion of Plaintiff's claims.  In satisfaction of the second factor, Plaintiff's non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority, similar to the Tenth Circuit's determination in *Ehrenhaus*.  Additionally, Plaintiff's persistent failure to respond to the Court's orders compels the Court's continuous monitoring of this matter and unnecessary issuance of orders, in turn increasing the workload of the Court and therefore interfering with the administration of justice.

In evaluating the third factor, the Court expressly ordered Plaintiff to respond to the Orders to Show Cause and to Defendants' Motion for Summary Judgment.  The record of Plaintiff's failure to respond to the Court's orders leads the Court to believe Plaintiff is culpable under these circumstances.  Furthermore, the warnings in the Court's July 20 and August 17, 2009 Orders to Show Cause gave Plaintiff notice that claims could be dismissed as a result of his failure to respond, in satisfaction of the fourth factor.

In considering the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice.  Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases.  *Ehrenhaus*, 965 F.2d at 920.  *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of

willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by his failure to comply with the July 13, 2009 minute order instructing him respond to Defendants' Motion for Summary Judgment and his failure to respond to this Court's first and second Orders to Show Cause, or to properly request an extension of time to respond if he was unable to do so in a timely fashion.  For these reasons, dismissal without prejudice of this action is warranted.

## III.     Conclusion

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the Court hereby **RECOMMENDS** that the District Court **dismiss without prejudice** this case for Plaintiff's failure to prosecute this action and **deny as moot** Defendants' pending Motion for Summary Judgment [underline]filed July 10, 2009; docket #45[/underline].

Dated at Denver, Colorado, this 10th day of September, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge